IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| US FRAMING INTERNATIONAL, LLC, | ) | CASE NO. 3:21-CV-174-TRM-DCP |
| | ) | |
| Plaintiff, | ) | **DEFENDANT CONTINENTAL** |
| | ) | **BUILDING COMPANY'S REPLY BRIEF** |
| vs. | ) | **IN SUPPORT OF ITS MOTION TO** |
| | ) | **DISMISS, OR IN THE ALTERNATIVE,** |
| CONTINENTAL BUILDING COMPANY | ) | **MOTION TO TRANSFER VENUE** |
| AND STEADFAST INSURANCE | ) | |
| COMPANY, AS SUBROGEE AND/OR | ) | |
| ASSIGNEE OF CONTINENTAL | ) | |
| BUILDING COMPANY , | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Continental Building Company ("Continental") submits the within Reply Brief in Support of its Motion to Dismiss, or in the alternative, Motion to Transfer Venue.

Plaintiff's Brief in Opposition mischaracterizes Continental's argument and fails to set forth any legal authority by which its claims adverse Continental should remain.

A Memorandum in Support of this Motion is attached hereto.

Respectfully submitted,

/s/ *Susan M. White*
RICHARD D. KALSON (PA 69611) (admitted Pro Hac Vice)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, OH 43215-6164
Telephone: 614.223.9300
Facsimile: 614.223.9330
Email: rkalson@beneschlaw.com

and

SUSAN M. WHITE (OH 0086650) (admitted Pro Hac Vice)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: swhite@beneschlaw.com

and

W. PAUL WHITT, ESQ. (BPR #024793)
**LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.**
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
Telephone: (865) 546-4646
Email: PWhitt@LewisThomason.com

*Attorneys for Continental Building Company*

2

14708247 v2
Case 3:21-cv-00174-TRM-DCP   Document 19   Filed 06/04/21   Page 2 of 11   PageID #: 410

# TABLE OF CONTENTS

**REPLY BRIEF IN SUPPORT OF ITS MOTION** ................................................................... 1

    **1.    USF Lacks Contractual Standing and Is Not a Proper Party Plaintiff**............................................................................................................................. 1

    **2.    USF's Claims are Untimely under Article 15.2**......................................................... 2

    **3.    USF's Newly Allegations Under T.C.A. § 56-53-101 et seq. are Not Properly Before this Court**............................................................................................... 4

    **4.    Transfer is Proper as TCA § 66-11-208 is Not Controlling** ..................................... 4

**CONCLUSION** ............................................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dauenhauer v. Bank of N.Y. Mellon*,
    562 F. App'x 473 (6th Cir. 2014) .................................................................................. 1

*Ferguson v. Nationwide Prop. & Cas. Ins. Co.*,
    218 S.W.3d 42, 2006 Tenn. App. LEXIS 793 ............................................................... 1

*International Ass'n of Machinists & Aerospace Workers v. TVA*,
    108 F.3d 658 (6th Cir., 1997) ........................................................................................ 2

*Jones v. Select Portfolio Servicing, Inc.*,
    672 Fed. Appx. 526 (6th Cir., 2016) .............................................................................. 1

*Owner-Operator Indep. Drivers Ass'n v. Concord Efs*,
    2001 Tenn. LEXIS 657 ................................................................................................... 1

**Statutes**

T.C.A. § 56-53-101 et seq. .................................................................................................. 4

TCA § 66-11-208 ............................................................................................................ 4, 5

Tenn. Code Ann. § 28-3-105(1) .......................................................................................... 4

Tenn. Code Ann. § 56-53-108 ............................................................................................. 4

**Other Authorities**

Civ. R. 12(b)(1) ................................................................................................................... 2

Civ. R. 12(b)(6) ................................................................................................................... 2

Civ. R. 17 ............................................................................................................................ 1

## REPLY BRIEF IN SUPPORT OF ITS MOTION

US Framing International, LLC's ("USF") assorted pejorative and glib comments are poor substitutes for the substantive legal analysis Plaintiff fails to make and, in key respects, strategically ignores. The issue is whether Plaintiff has contractual or statutory standing, not Article III standing, and is a necessary and proper party to advance a viable claim before this Court (or any court). As explained below, there are three independent grounds compelling the dismissal of this action.

**1. USF Lacks Contractual Standing and Is Not a Proper Party Plaintiff**

Despite USF's misguided allegations, USF's lack of capacity to sue or set forth any claims adverse Continental based on the Insurance Agreement does not implicate a subject matter jurisdiction argument. At no point in Continental's Motion was Article III or constitutional standing implicated. Rather, Continental's argument is predicated on contractual or prudential standing, or the lack thereof. USF is not a party to, nor is it a beneficiary of, the underlying first-party insurance agreement in dispute. USF therefore lacks contractual standing to bring forth any claim under the Insurance Agreement and is therefore not a proper party plaintiff pursuant to Civ. R. 17.

The Sixth Circuit and Tennessee courts have adopted this principal. In *Jones v. Select Portfolio Servicing, Inc.,* 672 Fed. Appx. 526, 533 (6th Cir., 2016), the court reasoned that a party who is not in privity nor an intended third party beneficiary lacks contractual standing to challenge the instruments or agreements. See, also *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) (decided under Tennessee law); *Owner-Operator Indep. Drivers Ass'n v. Concord Efs*, 2001 Tenn. LEXIS 657, *26 (parties to a contract have a right to enforce it, but incidental beneficiaries do not); and *Ferguson v. Nationwide Prop. & Cas. Ins. Co.*, 218 S.W.3d 42, 58, 2006 Tenn. App. LEXIS 793, *35 (plaintiff lacks standing to bring claim wherein she is

1

"not 'an insured' but in fact a stranger to the contract of insurance, she would at most be a remote 'incidental beneficiary' and not an 'intended beneficiary' of the insurance contract").

Accordingly, based on Tennessee's long standing precedent, USF lacks standing regardless of whether the present Motion was being decided in Tennessee state court versus this federal court, as such, any allegation that the matter should be remanded is moot.

USF improperly conflates Article III standing and contractual standing. As no Article III argument has been made, USF's misplaced arguments regarding subject matter jurisdiction and Civ. R. 12(b)(1) are moot. There are no grounds for remand. As USF has not, and cannot, prove that it has contractual standing to bring a viable claim under the Insurance Agreement, Continental's Motion to Dismiss, properly brought under Civ. R. 12(b)(6), must be granted.

Notably, USF fails to address or refute Continental's Fed. R. 17 proper party plaintiff argument. USF is not a real party in interest to the Insurance Agreement which necessitates the dismissal of Plaintiff's Complaint.

**2. USF's Claims are Untimely under Article 15.2**

USF claims that it is seeking a declaratory judgment ruling that it did not materially breach the Subcontract. In essence, USF is now attempting to litigate the construction Subcontract that it breached more than four (4) years ago, despite the contractual limitations period set forth therein requiring claims to be brought within three months of USF's date of last work. (See, Compl. at Exhibit 1 § 15.2). Any attempt to litigate the Subcontract and/or the facts and issues which arose as part of the construction Project are time barred—they are two years and nine months too late. USF cannot escape the contractual limitations period by phrasing its claim as a negative.

This is concept is expressly supported by the Sixth Circuit's decision in *International Ass'n of Machinists & Aerospace Workers v. TVA*, 108 F.3d 658, 668 (6th Cir., 1997), wherein the Court explained:

2

> A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred. "Because a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time-barred only if relief on a direct claim would also be barred." A contrary rule would allow a plaintiff to "make a mockery of the statute of limitations by the simple expedient of creative labelling."

(internal citations omitted).

If USF had an issue with Continental's denial of Change Orders 5 and 6, the time to have brought those claims was "not later than ... three (3) months after the Subcontractor last performs work on the Project," USF's time to set forth such a claim expired in the Fall of 2018. (Compl. at Exhibit 1 § 15.2).

Further, USF's discussion regarding the Michigan appeal is disingenuous. First, Continental has not admitted or waived any of its rights, claims, arguments, defenses, etc. in the Michigan lawsuit; Continental's statements in this action shall not be misconstrued. The facts and/or procedural matters in issue in the Michigan lawsuit are not for this Court's interpretation. However, USF's argument that the timing in issue herein is somehow analogous to the timing of the claims in the Michigan suit is baseless. In Michigan, Continental filed a counterclaim adverse USF in an already pending lawsuit within weeks of USF's default of the Subcontract. Here, however, USF has filed a new lawsuit attempting to litigate claims USF alleges stem from the Subcontract four years later without explanation or legal authority. The timeline of events of the two lawsuits, though, are far different and distinguishable.

If there is any gamesmanship in this matter, it's USF attempting to induce Continental to take a positions that may conflict with those pending in the Michigan matter. USF's own argument can be used against itself. If Continental's claims were time-barred in Michigan by Article 15.2 as USF alleges, then certainly USF's claims filed some three years later must certainly suffer the same fate.

3

Claims predicated on the construction Subcontract are time barred, a fact USF knows and the reason why USF has attempted to fold its breach of Subcontract claims into a makeshift declaratory judgment claim. However, this too is fatal as USF lacks standing to bring any claim based on the Insurance Agreement, as stated above. Out of options, USF's Complaint's fails to state a viable claim and must be dismissed.

### 3. USF's Newly Allegations Under T.C.A. § 56-53-101 et seq. are Not Properly Before this Court

USF, in its Brief in Opposition, for the first time, is now claiming that Continental committed insurance fraud under Tenn. Code Ann.. § 56-53-101 et seq. These allegations are not properly plead causes of action and are not properly before this Court. Further, USF cannot maintain these claims in conjunction with its declaratory judgment action as Tenn. Code Ann. § 56-53-108 states:

> The remedies expressly provided in § 56-53-107 shall be the only private remedies for violations of this chapter and no additional remedies shall be implied. The remedies available under § 56-53-107 shall not be used in conjunction with or in addition to any other remedies available at law or in equity to duplicate recovery for the same element of economic damage.

Continental also notes that any general claims for fraud, as loosely alleged by USF in the Complaint, would be time barred as the statute of limitations for fraud in Tennessee is three years. Tenn. Code Ann. § 28-3-105(1). USF defaulted on its Subcontract with Continental on or about December 22, 2017. (Compl. at ¶ 21). USF admits that Continental filed a Subguard Claim on February 27, 2018. (Compl. at ¶ 22). USF's Complaint was filed on March 31, 2021, more than three years later.

### 4. Transfer is Proper as TCA § 66-11-208 is Not Controlling

In the alternative, should any claims remain pending adverse Continental, this matter should be transferred to the United States Federal Court for the Northern District of Ohio pursuant

4

to the parties' Subcontract. Tenn. Code Ann. § 66-11-208 is not applicable to the dispute between the parties as the same is predicated on an alleged breach of an Insurance Contract. As stated in its Notice of Removal, USF's Complaint for Declaratory Judgment is not breach of construction contract action—if it was, it'd be time barred. Rather, USF's Complaint is an improper attempt by USF to avail itself of rights USF allegedly holds under the Insurance Agreement. A dispute centered around an insurance contract is not one mandated by Tenn. Code Ann. § 66-11-208. Accordingly, transfer to the Northern District of Ohio is proper, should Continental's Motion to Dismiss be denied.

## **CONCLUSION**

For these reasons, the Court should dismiss Plaintiff's Complaint, or, in the alternative, transfer this matter to the Northern District Court of Ohio.

Respectfully submitted,

/s/ *Susan M. White*
RICHARD D. KALSON (PA 69611) (admitted Pro Hac Vice)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 South High Street, Suite 2600
Columbus, OH 43215-6164
Telephone: 614.223.9300
Facsimile: 614.223.9330
Email: rkalson@beneschlaw.com

5

SUSAN M. WHITE (OH 0086650) (admitted Pro Hac Vice)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: swhite@beneschlaw.com

and

W. PAUL WHITT, ESQ. (BPR #024793)
**LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.**
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
Telephone: (865) 546-4646
Email: PWhitt@LewisThomason.com

*Attorneys for Continental Building Company*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021, a copy of the foregoing *Reply Brief in Support of its Motion to Dismiss, or in the alternative, Motion to Transfer Venue* was filed electronically via CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Susan M. White*
*One of the Attorneys for Continental Building Company*